IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ALCOA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-383-SLR |
| | ) | |
| ALCAN INC., a Canadian corporation, ALCAN | ) | |
| CORP., a Texas corporation, ALCAN CORP., a | ) | |
| Delaware corporation, PECHINEY, S.A., a | ) | |
| French corporation, ALCAN RHENALU, a | ) | |
| French corporation, ALCAN PECHINEY | ) | |
| CORP., a Texas corporation, PECHINEY | ) | |
| METALS, LLC, a Delaware limited liability | ) | |
| company, ALCAN ROLLED PRODUCTS – | ) | |
| RAVENSWOOD, LLC, a Delaware limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendants. | ) | |


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Of Counsel:*

Steven R. Trybus
Donald R. Cassling
Shelley Smith
Patrick L. Patras
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611

*Counsel for Defendants*

Dated:  August 15, 2006

## TABLE OF CONTENTS

I.      NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II.     SUMMARY OF ARGUMENT .................................................................................. 2

III.    CONCISE STATEMENT OF FACTS ......................................................................... 2

        A.      Alcoa's Complaint. .......................................................................................... 2

        B.      Facts Pertaining to the Non-Resident Defendants. ............................................. 2

IV.     PLAINTIFF'S BURDEN OF PROOF ......................................................................... 3

V.      ARGUMENT ......................................................................................................... 4

        A.      Alcoa Has Failed To Establish Jurisdiction Over the Non-Resident Defendants
                Under the Delaware Long-Arm Statute. ............................................................ 4

        B.      Jurisdiction Over the Non-Resident Defendants Does Not Comport With Due
                Process. ........................................................................................................... 9

VI.     CONCLUSION ....................................................................................................... 11

i

## TABLE OF AUTHORITIES

**Cases**

*Ace & Co., Inc. v. Balfour Beatty PLC,*
　148 F. Supp. 2d 418 (D. Del. 2001)..................................................... 9

*Applied Biosystems, Inc. v. Cruachem, Ltd.,*
　772 F. Supp. 1458 (D. Del. 1991).............................................. 8, 9, 10

*Bauman v. DaimlerChrysler AG,*
　No. 04-00194, 2005 WL 3157472 (N.D. Cal. Nov. 22, 2005) ................. 7

*Burger King Corp. v. Rudzewicz,*
　471 U.S. 462 (1985)....................................................................... 10

*C.R. Bard, Inc. v. Guidant Corp.,*
　997 F. Supp. 556 (D. Del. 1998)..................................................... 4, 8

*Cordis Corp. v. Advanced Cardiovascular Sys., Inc.,*
　No. 97-635-SLR, 1999 WL 805284 (D. Del. Sept. 17, 1999) ............. 9, 10

*Dalton v. R&W Marine, Inc.,*
　897 F.2d 1359 (5th Cir. 1990) .......................................................... 6

*Delaware Mktg. Partners, LLC v. Creditron Fin. Servs., Inc.,*
　No. 04-36-SLR, 2004 WL 1999973 (D. Del. Aug. 31, 2004) ................. 5

*Helicopteros Nacionales De Colombia, S.A. v. Hall,*
　466 U.S. 408 (1984)..................................................................... 4, 10

*ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.,*
　147 F. Supp. 2d 268 (D. Del. 2001) ................................................ 4, 8

*Int'l Shoe Co. v. Washington,*
　326 U.S. 310 (1945)..................................................................... 9, 10

*Merck & Co., Inc. v. Barr Labs., Inc.,*
　179 F. Supp. 2d 368 (D. Del. 2002).................................................. 3, 5

*Patent Incentives, Inc. v. Seiko Epson Corp.,*
　878 F.2d 1446, 1989 WL 59272 (Fed. Cir. June 7, 1989)........................ 3

*Pennington Seed, Inc. v. Produce Exchange No. 299,*
　No. 05-1440, 2006 WL 2267033 (Fed. Cir. Aug. 9, 2006) ..................... 9

*Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.,*
　819 F.2d 434 (3d Cir. 1987) ............................................................. 3

*Reach & Assocs., P.C. v. Dencer,*
    269 F. Supp. 2d 497 (D. Del. 2003)........................................................... 3, 4, 6, 8

*SAFT Am., Inc. v. Ovonic Battery Co., Inc.,*
    No. 95-430-SLR, 1996 WL 190008 (D. Del. Mar. 25, 1996) ................................. 3, 7

*Sears, Roebuck & Co v. Sears plc,*
    744 F. Supp. 1297 (D. Del. 1990)................................................................. 10

*Telcordia Tech., Inc. v. Alcatel S.A.,*
    No. 04-874-GMS, 2005 WL 1268061 (D. Del. May 27, 2005) ........................... 9, 10

*Time Share Vacation Club v. Atlantic Resorts, Ltd.,*
    735 F.2d 61 (3d Cir. 1984) ......................................................................... 3

*TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.,*
    961 F. Supp. 686 (D. Del. 1997).................................................................. 4

## Statutes

10 Del. C. §3104(c)(1) ................................................................................ 4

10 Del. C. §3104(c)(2) ................................................................................ 4

10 Del. C. §3104(c)(3) ................................................................................ 4

10 Del. C. §3104(c)(4) ............................................................................. 5, 6

35 U.S.C. § 271(a) .................................................................................... 1

35 U.S.C. § 271(b) .................................................................................... 1

iii

Four of the eight defendants named in Alcoa's Complaint -- Alcan Inc., a Canadian corporation, Pechiney, S.A., a French corporation, Alcan Corp., a Texas corporation and Alcan Pechiney Corp., also a Texas corporation -- do no business in the State of Delaware and have no contacts with the State of Delaware. (*See* Affidavit of Roy Millington ("Millington Aff."), ¶¶ 4-12 and Affidavit of Eileen Burns Lerum ("Lerum Aff."), ¶¶ 2-10) (attached hereto as Exhibits A & B.) In its Complaint, Alcoa does not even allege that three of those defendants -- Pechiney, S.A., Alcan Corp. (Texas) and Alcan Pechiney Corp. -- have any contacts with the State of Delaware. Alcoa makes wholly conclusory allegations that Alcan Inc. has contacts in Delaware; however, as a matter of law, those conclusory allegations are insufficient to establish personal jurisdiction over Alcan Inc. Accordingly, these four defendants (the "Non-Resident Defendants") should be dismissed from this action.

## I.    NATURE AND STAGE OF PROCEEDINGS

On June 13, 2006, Alcoa filed its Complaint for patent infringement, alleging that: (1) preparations had been made to offer for sale the 2056 aluminum alloy that would allegedly infringe the '639 patent under 35 U.S.C. § 271(a); and (2) that the alleged steps to offer the 2056 aluminum alloy for sale to certain aircraft manufacturers allegedly constitute active inducement under 35 U.S.C. § 271(b).

The defendants were granted an extension of time until August 15, 2006 to respond to Alcoa's Complaint.[1]

---

[1] In addition to this motion, the Non-Resident Defendants join all the defendants in their Motion to Dismiss pursuant to 12(b)(6), also filed today. Additionally, Alcan Corp. (Texas), Alcan Corp. (Delaware), Pechiney Metals, LLC, Alcan Pechiney Corp. and Alcan Rolled Products-Ravenswood, LLC join in the Motion to be Dismissed as Improperly Joined, which was filed today as well. Because the three motions involve different groupings of defendants and distinct legal issues, in order to minimize confusion, the defendants are submitting three individual briefs instead of one combined brief.

## II.    SUMMARY OF ARGUMENT

There are no grounds in the Complaint for exercising jurisdiction over any of the Non-Resident Defendants under the Delaware long-arm statute or under federal due process requirements because Alcoa has not alleged that its claims arose from actions taken by these defendants in Delaware, as required for specific jurisdiction, or that any of these defendants had any ongoing contacts with Delaware that would satisfy the standard for general jurisdiction.

## III.    CONCISE STATEMENT OF FACTS

### A.    Alcoa's Complaint.

There are no facts alleged in Alcoa's Complaint of any specific contacts that any of the Non-Resident Defendants have with Delaware.  Alcoa's jurisdictional allegations consist solely of the following conclusory assertions: (1) that Alcan Inc. engages in unidentified operations in Delaware, and that some of these operations are conducted on its behalf by subsidiaries incorporated in Delaware (Compl. ¶¶ 1, 6); (2) that Alcan Inc. obtains unspecified revenues from goods or services consumed in Delaware, none of which are described (*id.*); (3) that the Texas corporations, Alcan Corp. (Texas) and Alcan Pechiney Corp. do some unspecified business in Delaware through their subsidiaries that are incorporated in Delaware (*id.*, ¶¶ 8-10); and (4) that Alcan Inc. and Pechiney, S.A. are subject to jurisdiction as successor-in-interest and parent, respectively, of Pechiney Rhenalu because Pechiney Rhenalu filed an earlier suit against Alcoa relating to the '639 patent in Delaware (*id.*, ¶ 19).

### B.    Facts Pertaining to the Non-Resident Defendants.

The attached affidavits of corporate officers Roy Millington and Eileen Burns Lerum establish the following relevant jurisdictional facts:

- None of the Non-Resident Defendants have a permanent establishment in Delaware.

- None of the Non-Resident Defendants are registered to do business in Delaware.

- None of the Non-Resident Defendants have offices, bank accounts, phone listings or employees in Delaware.

- None of the Non-Resident Defendants have entered into any contracts in Delaware.

- None of the Non-Resident Defendants lease or own any real property in Delaware.

- None of the Non-Resident Defendants have registered agents in Delaware.

- None of the Non-Resident Defendants pay taxes or franchise fees in Delaware.

(*See* Millington Aff., ¶¶ 4-12, Ex. A; Lerum Aff., ¶¶ 2-10, Ex. B.)

## IV.    PLAINTIFF'S BURDEN OF PROOF

Once a defendant has challenged personal jurisdiction, the plaintiff bears the burden of establishing with reasonable particularity[2] that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction.  *Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987); *Reach & Assocs., P.C. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003); *Merck & Co., Inc. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 371 (D. Del. 2002). The plaintiff may satisfy its burden either by establishing (1) that the plaintiff's cause of action arose out of the defendant's activities in the forum state (otherwise known as "specific jurisdiction") or (2) that the defendant's contacts with the forum

---

[2]    For instance, "bare pleadings" alone will not suffice to withstand the defendant's challenge to personal jurisdiction. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) (*cited with approval in Patent Incentives, Inc. v. Seiko Epson Corp.*, 878 F.2d 1446, 1989 WL 59272, *1 (Fed. Cir. June 7, 1989) (unpublished opinion)); *see also SAFT Am., Inc. v. Ovonic Battery Co., Inc.*, No. 95-430-SLR, 1996 WL 190008, *2 (D. Del. Mar. 25, 1996) (citing *Time Share Vacation Club* and stating that plaintiffs must establish jurisdiction "through sworn affidavits or other competent evidence").

state are continuous and systematic (otherwise known as "general jurisdiction"). *Helicopteros*

*Nacionales De Colombia, S.A. v. Hall,* 466 U.S. 408, 414-16 (1984).

## V.    ARGUMENT

### A.    Alcoa Has Failed To Establish Jurisdiction Over the Non-Resident Defendants Under the Delaware Long-Arm Statute.

Alcoa has not alleged that its infringement claims arise out of any conduct of any of the

defendants in Delaware, and therefore has no grounds for asserting a claim of specific

jurisdiction. There are, for example, no allegations that any of the defendants took steps in

Delaware towards making any offer to sell the allegedly infringing product.  Nor has Alcoa

alleged that any of the defendants committed any of the following acts leading to long-arm

jurisdiction under Delaware law:  (1) "business," "work," or "service" in Delaware, 10 Del. C.

§3104(c)(1); (2) "[c]ontracts to supply services or things" in Delaware, 10 Del. C. §3104(c)(2);

or (3) "[c]auses tortious injury [in this case, patent infringement] by an act or omission" in

Delaware, 10 Del. C. §3104(c)(3).  Because it is undisputed that Alcoa cannot establish specific

jurisdiction, it must satisfy the much higher standard imposed for exercising general jurisdiction

over a defendant based on conduct in the state that is unrelated to the plaintiff's cause of action.

Under the Delaware long-arm statute, general jurisdiction requires evidence that the non-

resident defendant has a "general presence" in Delaware or has engaged in a "persistent course

of conduct" in Delaware. *ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.,* 147 F. Supp.

2d 268, 271 n.4 (D. Del. 2001); *C.R. Bard, Inc. v. Guidant Corp.,* 997 F. Supp. 556, 561 (D. Del.

1998).  As a result, non-resident defendants are not often subject to general jurisdiction: "[T]he

standard for general jurisdiction is high in practice and not often met." *Reach & Assocs.,* 269 F.

Supp. 2d at 505. *See also TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.,*  961 F. Supp. 686,

691 (D. Del. 1997) (same).

4

The provision of the Delaware long-arm statute that governs general jurisdiction provides that general jurisdiction exists if the non-resident defendant "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State...." 10 Del. C. §3104(c)(4). *See Merck & Co., Inc.*, 179 F. Supp. 2d at 373 (holding that 3104(c)(4) is a general jurisdiction provision); *Delaware Mktg. Partners, LLC v. Creditron Fin. Servs., Inc.*, No. 04-36-SLR, 2004 WL 1999973, *3 (D. Del. Aug. 31, 2004) (same).

Alcoa has not even alleged that Pechiney, S.A., Alcan Corp. (Texas), or Alcan Pechiney Corp. ever engaged in any activities in Delaware that would support general jurisdiction under the Delaware long-arm statute. Nor could Alcoa make such allegations in good faith because, as demonstrated in the Affidavit of Roy Millington (Ex. A), and the Affidavit of Eileen Burns Lerum (Ex. B), these defendants have not engaged in any activities in Delaware that would subject them to the long-arm jurisdiction of the Court. As a result, those three defendants should be dismissed for lack of personal jurisdiction.

Alcoa has made entirely conclusory allegations of Delaware conduct with respect to Alcan Inc. Specifically, Alcoa has alleged that "Alcan derives substantial revenue from products or services consumed in the United States, including in the State of Delaware," (Compl. ¶ 6), and that "Alcan engages in persistent corporate operations in the State of Delaware, including through numerous subsidiaries that are incorporated in the State." (*id.*).

Alcoa has not, however, provided any facts to support these conclusory allegations. Indeed, all Alcoa has done is to recite the requirements for general jurisdiction under the Delaware statute. This is insufficient as a matter of law: "recitation of the standard for the

Delaware long-arm statute in [a plaintiff's] Complaint, without any factual specificity as to the acts that support such an allegation, is not sufficient to confer jurisdiction under Subsection (c)(4) of the Delaware long-arm statute." *Reach & Assocs.,* 269 F. Supp. 2d at 505.

Moreover, any attempt to make the necessary allegations to establish general jurisdiction under Delaware law would be futile. The attached affidavits of corporate officers, Roy Millington and Eileen Burns Lerum, demonstrate that none of the Non-Resident Defendants have any offices, employees, bank accounts, real estate, or phone listings in Delaware. (*See* Millington Aff. ¶¶ 8-11, Ex. A; Lerum Aff. ¶¶ 6-9, Ex. B.) In addition, none of the Non-Resident Defendants are licensed to do business in Delaware, have a registered agent in Delaware, pay taxes or franchise fees in Delaware, solicit business in Delaware, enter contracts in Delaware, lease or own real estate in Delaware, or conduct ongoing operations or business of any kind in Delaware. (*See* Millington Aff. ¶¶ 4-7, 9, 12, Ex. A; Lerum Aff. ¶¶ 2-5, 7, 10, Ex. B.)

Having failed to establish personal jurisdiction over the Non-Resident Defendants based on any activities of these defendants in Delaware, Alcoa attempts to establish vicarious personal jurisdiction over these defendants. First, Alcoa alleges that Alcan Inc. is subject to jurisdiction in Delaware merely based on its unsupported allegation that Alcan Inc. is the successor-in-interest to Pechiney Rhenalu, the company that filed a case in this Court in 1999 concerning the '639 patent. (Compl. ¶ 19.) Alcan Inc. is not, however, the successor-in-interest to Pechiney Rhenalu, as that company has maintained its separate corporate existence and has not been merged into or consolidated with Alcan Inc. (Millington Aff. ¶ 13.)[3]  In addition, according to

---

[3]  In any event, even if Alcan Inc. were the successor-in-interest to Pechiney Rhenalu, that fact alone would not be sufficient to establish personal jurisdiction over Alcan Inc. *Dalton v. R&W Marine, Inc.,* 897 F.2d 1359, 1363 n.4 (5th Cir. 1990) (rejecting plaintiff's argument

Alcoa's own allegations, Alcan Inc. did not acquire a controlling stake in Pechiney until 2004 (Compl. ¶ 14), and therefore could not have played any role in Pechiney Rhenalu's decision to file suit in Delaware. *See SAFT Am., Inc.,* 1996 WL 190008, at *3. Nor could Pechiney Rhenalu be considered Alcan Inc.'s alter-ego or agent when Pechiney Rhenalu filed its action in Delaware, when the two companies had no corporate relationship at that time. Similarly, Pechiney, S.A. cannot be subjected to personal jurisdiction based on the actions of Pechiney Rhenalu based solely on Alcoa's allegations that Alcan Rhenalu is a subsidiary of Pechiney, S.A. (Compl. ¶¶ 15, 19.)

Alcoa also claims that this Court has vicarious personal jurisdiction over Alcan Inc., and the two Texas corporations, Alcan Corp. (Texas) and Alcan Pechiney Corp., on the grounds that they "do business" in Delaware through two Delaware corporations that are their direct or indirect subsidiaries, defendants Pechiney Metals, LLC and Alcan Rolled Products-Ravenswood, LLC. (Compl. ¶¶ 8-10.) However, Alcoa has not alleged that these two Delaware subsidiaries have in fact conducted any business activities in Delaware.[4] Because these Delaware subsidiaries have never conducted business activities in Delaware, it also follows that Alcan Inc., Alcan Corp. (Texas) and Alcan Pechiney Corp. could not have "done business" in Delaware through them.

---

that the defendant "should anticipate being haled into court in Louisiana because it has been and is an active litigant there" and finding that there was no personal jurisdiction over the defendant); *Bauman v. DaimlerChrysler AG,* No. 04-00194, 2005 WL 3157472, *8-9 (N.D. Cal. Nov. 22, 2005) (rejecting claim that foreign parent's pursuit of litigation in California, including suits to protect its patent rights, was sufficient to subject it to general jurisdiction there).

[4]    In fact, the one allegation in the Complaint giving the location of the operations of either of the Delaware corporations is the allegation that Alcan Rolled Products-Ravenswood, LLC. "operates the former Pechiney rolling mill in Ravenswood, West Virginia." (Compl. ¶ 13.)

Even if Pechiney Metals, LLC and Alcan Rolled Products-Ravenswood, LLC had ever conducted business in Delaware, Alcoa's allegations would not be sufficient to establish personal jurisdiction over any of the Non-Resident Defendants. As the court held in *C.R. Bard, Inc. v. Guidant Corp.,* 997 F. Supp. 556, 559 (D. Del. 1998), "Delaware law provides two theories that would allow a court to establish jurisdiction over the parent based upon its jurisdiction over the subsidiary: the 'alter ego theory' and the 'agency theory.'" Alcoa has not even attempted to allege facts to support jurisdiction over the Non-Resident Defendants under either the alter ego theory or the agency theory.

To reach a parent corporation under the alter ego theory, the plaintiff must establish "some fraud, injustice or inequity in the use of the corporate form." *Id.* Under the agency theory of jurisdiction, the plaintiff must allege that its claims arose from the subsidiary's conduct in Delaware and that this conduct was instigated by the parent company. *Reach & Assocs.,* 269 F. Supp. 2d at 507 (holding that "[a]n agency relationship alone, is not sufficient to confer jurisdiction," and dismissing the parent where "none of the behavior underlying Plaintiffs' claims occurred in Delaware"); *Applied Biosystems, Inc. v. Cruachem, Ltd.,* 772 F. Supp. 1458, 1463-65 (D. Del. 1991) (holding that "only the precise conduct shown to be instigated by the parent is attributed to the parent"). In engaging in this analysis of jurisdiction through an agency relationship, the Court should "not lightly set aside corporate formalities in order to hail a foreign corporation into this judicial district." *ICT Pharms., Inc.,* 147 F. Supp. 2d at 274 (finding that the court did not have jurisdiction over foreign affiliates).

Without allegations to support either the alter-ego or agency theory, all Alcoa has left to rely on is its allegation that three of the Non-Resident Defendants -- Alcan Inc., Alcan Corp. (Texas) and Alcan Pechiney Corp.. -- have subsidiaries that are incorporated in Delaware. This

8

is insufficient as a matter of law to establish personal jurisdiction, unless the litigation is related to any act of incorporation. *Applied Biosystems, Inc.*, 772 F. Supp. at 1468-69. *See also Ace & Co., Inc. v. Balfour Beatty PLC*, 148 F. Supp. 2d 418, 422-23 (D. Del. 2001); *Telcordia Tech., Inc. v. Alcatel S.A.*, No. 04-874-GMS, 2005 WL 1268061, *7 (D. Del. May 27, 2005). Because there is no claim in this infringement suit that the litigation is related to the act of incorporation, Alcoa has failed to establish any basis for claiming personal jurisdiction over the Non-Resident Defendants.

### B.  Jurisdiction Over the Non-Resident Defendants Does Not Comport With Due Process.

Asserting personal jurisdiction over the Non-Resident Defendants would also fail to comport with the requirements of federal due process. *Pennington Seed, Inc. v. Produce Exchange No. 299*, No. 05-1440, 2006 WL 2267033, *6-7 (Fed. Cir. Aug. 9, 2006); *Cordis Corp. v. Advanced Cardiovascular Sys., Inc.*, No. 97-635-SLR, 1999 WL 805284, *5-6 (D. Del. Sept. 17, 1999). As this Court has observed, "the court must determine whether the exercise of personal jurisdiction is compatible with both the specific requirements of the Delaware long-arm statute *and* with defendant's constitutional right to due process." *Cordis Corp.*, 1999 WL 805284, at *4, 7 n.3 (emphasis added).

In order to satisfy the due process requirements for jurisdiction over a non-resident defendant, the non-resident defendant must have "minimum contacts" with Delaware "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In determining whether this requirement is met, the Court must look to whether the non-resident defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State…." *Burger King*

*Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); *Teclordia Tech., Inc.,* 2005 WL 1268061, at *1;

*Cordis Corp.,* 1999 WL 805284, at *5.

Where the cause of action does not arise out of the defendant's alleged contacts with the

forum state, as is the case here, the defendant's contacts with the forum state must be

"continuous and systematic general business contacts." *Helicopteros Nacionales De Colombia,*

*S.A. v. Hall,* 466 U.S. 408, 415-16 (1984); *Applied Biosystems, Inc.,* 772 F. Supp. at 1470.  Like

general jurisdiction under the Delaware long-arm statute, the standard for general jurisdiction

under federal due process "is not often met." *See Sears, Roebuck & Co v. Sears plc,* 744 F.

Supp. 1297, 1304 (D. Del. 1990) ("In *International Shoe,* the Supreme Court indicated that the

'continuous and substantial' requirement is not often met: 'There have been instances in which

the continuous corporate operations within a state were thought so substantial and of such a

nature as to justify suit against it on causes of action arising from dealings entirely distinct from

those activities.'") (quoting *Int'l Shoe,* 326 U.S. at 318).

In sum, the absence of any significant, much less "continuous and systematic," contact

with Delaware on the part of the Non-Resident Defendants necessitates a finding that the

exercise of jurisdiction over the Non-Resident Defendants would "offend 'traditional notions of

fair play and substantial justice,'" and these defendants should therefore be dismissed.

## VI.    CONCLUSION

For all the reasons discussed above, this Court should grant the Non-Resident

Defendants' motion to dismiss them from this action for lack of personal jurisdiction.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Counsel for Defendants*

*Of Counsel:*

Steven R. Trybus
Donald R. Cassling
Shelley Smith
Patrick L. Patras
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611

Dated:  August 15, 2006

172167.1

11

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCOA, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 1:06 CV 00383 SLR |
| ALCAN, INC., a Canadian corporation, ALCAN CORP, | ) |
| a Texas corporation, ALCAN CORP., a Delaware | ) |
| corporation, PECHINEY, S.A., a French corporation, | ) |
| ALCAN RHENALU, a French corporation, ALCAN | ) |
| PECHINEY CORP., a Texas corporation, PECHINEY | ) |
| METALS, LLC, a Delaware limited liability company, | ) |
| ALCAN ROLLED PRODUCTS-RAVENSWOOD,LLC, | ) |
| a Delaware limited liability company | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF ROY MILLINGTON

I, Roy Millington, being duly sworn, hereby depose and state:

1.      I am currently the Corporate Secretary of Alcan Inc. and have held that position since June 28, 2001. I have personal knowledge, based on the books and records of the companies discussed herein, of the matters set forth in this Affidavit and would be competent to testify concerning these matters if called upon to do so.

2.      Defendant Alcan Inc. is a Canadian corporation with corporate offices in Montreal, Quebec, Canada. Alcan Inc. is a holding company and has no operations in the United States.

3.      Defendant Pechiney S.A. is a French corporation with corporate offices in Paris, France. Pechiney S.A. operates exclusively in France. Pechiney S.A. and Alcan Inc. are referred to herein collectively as the "Foreign Corporations."

4.    The Foreign Corporations are not residents of the United States and have no permanent establishment in the United States, including Delaware.

5.    The Foreign Corporations have never been qualified, authorized, or otherwise chartered or registered to conduct or transact business in Delaware.

6.    The Foreign Corporations have no registered agents in Delaware.

7.    The Foreign Corporations are not engaged in business in Delaware or the United States and have never entered into any contracts within the state of Delaware.

8.    The Foreign Corporations do not maintain any offices, manufacturing plants, warehouses or other facilities in the state of Delaware. Additionally, the Foreign Corporations have no telephone listings anywhere in Delaware.

9.    The Foreign Corporations do not lease or own any real property in the state of Delaware.

10.    The Foreign Corporations do not maintain bank accounts in Delaware.

11.    The Foreign Corporations do not have any employees working in the state of Delaware.

2

12.    The Foreign Corporations do not pay any taxes or franchise fees in Delaware.

13.    Pechiney Rhenalu continues to exist as a corporation, separate and apart from Alcan Inc. and Pechiney S.A., but has been renamed as Alcan Rhenalu.

FURTHER AFFIANT SAYETH NOT.

_____
Roy Millington

SUBSCRIBED and SWORN to before me
this 15 day of August, 2006.

_____
Commissioner of Oaths

FRANCINE
BROSSARD
159, 156

3

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ALCOA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:06 CV 00383 SLR |
| ALCAN, INC., a Canadian corporation, ALCAN CORP, | ) | |
| a Texas corporation, ALCAN CORP., a Delaware | ) | |
| corporation, PECHINEY, S.A., a French corporation, | ) | |
| ALCAN RHENALU, a French corporation, ALCAN | ) | |
| PECHINEY CORP., a Texas corporation, PECHINEY | ) | |
| METALS, LLC, a Delaware limited liability company, | ) | |
| ALCAN ROLLED PRODUCTS-RAVENSWOOD,LLC, | ) | |
| a Delaware limited liability company | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AFFIDAVIT OF EILEEN BURNS LERUM

I, Eileen Burns Lerum, being duly sworn, hereby depose and state:

1.      I am currently the Corporate Secretary of Alcan Corporation (Texas) and Alcan Pechiney Corporation and have held these positions since January 7, 2005. I have personal knowledge, based on my review of the relevant corporate books and records, of the matters set forth in this Affidavit and would be competent to testify as to these matters if called upon to do so.

2.      Defendants Alcan Corporation and Alcan Pechiney Corporation are Texas corporations (the "Texas Corporations") with corporate offices in Texas. They are not residents of the state of Delaware and have no permanent establishment in Delaware.

3.      The Texas Corporations have never been qualified, authorized, or otherwise chartered or registered to conduct or transact business in Delaware.

CHICAGO_1431064_3

4.    The Texas Corporations have no registered agents in Delaware.

5.    The Texas Corporations are not engaged in business in Delaware and have never entered into any contracts within the state of Delaware.

6.    The Texas Corporations do not maintain any offices, manufacturing plants, warehouses or other facilities in the state of Delaware.  Additionally, the Texas Corporations have no telephone listing anywhere in Delaware.

7.    The Texas Corporations do not lease or own any real property in the state of Delaware.

8.    The Texas Corporations do not maintain bank accounts in Delaware.

9.    The Texas Corporations do not have any employees working in the state of Delaware.

10.    The Texas Corporations have not paid any taxes or franchise fees in Delaware.

FURTHER AFFIANT SAYETH NOT.

Eileen Burns Lerum

SUBSCRIBED and SWORN to before me
this __2__ day of __August__, 2006.

__Rachel Benner__
Notary Public

OFFICIAL SEAL
RACHEL BENNER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 03-06-07

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2006, the attached **DEFENDANTS'**

**MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR**

**LACK OF PERSONAL JURISDICTION** was served upon the below-named counsel of

record at the address and in the manner indicated:

Frederick L. Cottrell, III, Esquire                          HAND DELIVERY
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

Evan R. Chesler, Esquire                          VIA ELECTRONIC MAIL
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

William G. Todd, Esquire                          VIA ELECTRONIC MAIL
Greenberg Traurig, LLP
200 Park Avenue
New York, NY  10166


                                    /s/ Steven J. Balick
                                    _____
                                    Steven J. Balick

171219.1