IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCOA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-383-SLR |
| | ) |
| ALCAN INC., a Canadian corporation, ALCAN CORP., a Texas corporation, ALCAN CORP., a Delaware corporation, PECHINEY, S.A., a French corporation, ALCAN RHENALU, a French corporation, ALCAN PECHINEY CORP., a Texas corporation, PECHINEY METALS, LLC, a Delaware limited liability company, ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ALCAN CORP. (TEXAS), ALCAN CORP. (DELAWARE), ALCAN PECHINEY CORP., PECHINEY METALS, LLC, AND ALCAN ROLLED PRODUCTS-RAVENSWOOD, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO BE <u>DISMISSED FROM THE SUIT AS IMPROPERLY JOINED</u>**

*Of Counsel:*

Steven R. Trybus
Donald R. Cassling
Shelley Smith
Patrick L. Patras
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611

Dated: August 15, 2006

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Counsel for Defendants*

## TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDINGS .................................................................1

II. SUMMARY OF ARGUMENT .......................................................................................1

III. CONCISE STATEMENT OF FACTS .............................................................................2

IV. ARGUMENT ....................................................................................................................2

    A. The Legal Standard. ..............................................................................................2

    B. The Moving Defendants Are Not Proper Defendants and Should Be Dismissed from the Lawsuit. ..................................................................................................4

V. CONCLUSION .................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Benson v. RMJ Sec. Corp.,*
  683 F. Supp. 359 (S.D.N.Y. 1988) .................................................................................. 3

*Glendora v. Malone,*
  917 F. Supp. 224 (S.D.N.Y. 1996) ........................................................................ 2, 3, 4, 5

*Letherer v. Alger Group, L.L.C.,*
  328 F.3d 262 (6th Cir. 2003) .............................................................................................. 3

*Petroleum Data Servs. v. First City Bancorporation, Inc.,*
  622 F. Supp. 1022 (D. Kan. 1985) ..................................................................................... 4

*Sabolsky v. Budzanoski,*
  457 F.2d 1245 (3d Cir. 1972) ..................................................................................... 1, 3, 5

**Statutes**

35 U.S.C. § 271(a) ................................................................................................................. 1

35 U.S.C. § 271(b) ................................................................................................................. 1

Fed.R.Civ.P. 21 ................................................................................................................. 1, 3

**Other Authorities**

4 James Wm. Moore et al., Moore's Federal Practice,
  § 21.02 (3d ed. 1997) ......................................................................................................... 3

Pursuant to Federal Rule of Civil Procedure 21, Defendants Alcan Corp. (Texas), Alcan Corp. (Delaware), Alcan Pechiney Corp., Pechiney Metals, LLC, and Alcan Rolled Products-Ravenswood, LLC respectfully submit this memorandum of law in support of their Motion to be Dismissed from the Suit as Improperly Joined.

## I.   NATURE AND STAGE OF PROCEEDINGS

On June 13, 2006, Alcoa filed the Complaint for patent infringement alleging that: (1) preparations had been made to offer for sale the 2056 aluminum alloy that would allegedly infringe the '639 patent under 35 U.S.C. § 271(a); and (2) the alleged steps to offer this alloy for sale to certain aircraft manufacturers allegedly constitute active inducement under 35 U.S.C. § 271(b). Alcoa has requested: (1) a declaratory judgment of infringement and willful infringement; and (2) injunctive relief, enjoining the defendants from offering the 2056 alloy for sale in the United States or to foreign manufacturers who are likely to use the alloy in products to be sold in the United States.

The defendants were granted an extension of time until August 15, 2006 to respond to Alcoa's Complaint.[1]

## II.   SUMMARY OF ARGUMENT

Alcoa's Complaint fails to allege that any of the moving defendants committed any of the allegedly wrongful acts set forth in the Complaint. As a result, the moving defendants are not proper parties and should be dismissed from the lawsuit. *See Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972) ("The proper remedy in case of misjoinder is to grant severance or

---

[1]   In addition to this motion, the moving defendants join all defendants in their Motion to Dismiss pursuant to 12(b)(6), also filed today. Additionally, Alcan Inc., Pechiney, S.A., Alcan Corp. (Texas) and Alcan Pechiney Corp. join in the Motion to Dismiss for Lack of Personal Jurisdiction, which was filed today as well. Because the three motions involve different groupings of defendants and distinct legal issues, in order to minimize confusion, the defendants are submitting three individual briefs instead of one combined brief.

1

dismissal to the improper party if it will not prejudice any substantial right."); *Glendora v. Malone,* 917 F. Supp. 224, 227 n.3 (S.D.N.Y. 1996) ("Clearly, the court may rely on Rule 21 to delete parties that have no connection to the claims asserted.").

### III. CONCISE STATEMENT OF FACTS

Alcoa's Complaint claims patent infringement and active inducement of infringement based on the alleged steps taken by "Alcan" to offer the 2056 aluminum alloy for sale in the United States. (*See* Compl. ¶¶ 2, 36-46.) In doing so, Alcoa's Complaint makes general allegations against "Alcan" and "Pechiney." The definition of "Alcan" includes just two parties, Alcan Inc. and Pechiney S.A. (*Id.,* ¶ 1.) The definition of "Pechiney" includes two alleged predecessor corporations that Alcan Inc. acquired in 2004, Pechiney, S.A. and Pechiney Rhenalu.[2] (*Id.*)

As a result, the only parties alleged to have engaged in any wrongdoing are Alcan Inc., Pechiney, S.A. and an alleged Alcan predecessor company, Pechiney Rhenalu. There are no allegations in the Complaint pertaining to any of the moving defendants relating to the development, manufacturing or marketing of the allegedly infringing alloy.

### IV. ARGUMENT

In the present case, Alcoa fails to allege that any of the moving defendants committed any of the alleged wrongdoing described in the Complaint. Because the moving defendants have no connection to the allegedly infringing activity, they should be dropped from the lawsuit as improperly joined parties.

#### A. The Legal Standard.

---

[2] All the allegations of pre-acquisition conduct are directed against "Pechiney" and all the allegations of post-acquisition conduct are directed against "Alcan."

2

Under Federal Rule of Civil Procedure 21 on misjoinder, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Furthermore, Rule 21 affords the court "broad discretion" in deciding to drop an improperly joined party. *Glendora*, 917 F. Supp. at 227; *see also* 4 James Wm. Moore et al., Moore's Federal Practice, § 21.02 (3d ed. 1997) (citing cases).

Misjoinder occurs when a plaintiff's joinder of a party does not satisfy the requirements of permissive joinder under Rule 20(a). *Glendora*, 917 F. Supp. at 227. "Therefore, parties are misjoined if the claims asserted against them 'do not arise out of the same transaction or occurrence or do not present some common question of law or fact.'" *Id.* (citation omitted). Moreover, a party is not properly joined when it has no connection to the plaintiff's claims or its presence is not necessary to provide the plaintiff with all of its requested relief. *See, e.g., Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 267-68 (6th Cir. 2003) (affirming dismissal of a defendant under Rule 21 where there was no real claim remaining against that defendant); *Benson v. RMJ Sec. Corp.*, 683 F. Supp. 359, 377-78 (S.D.N.Y. 1988) (holding that misjoinder occurs "where a particular defendant lacks authority to provide the relief [or] ... where a defendant's presence is not necessary to afford all the requested relief"). "The proper remedy in case of misjoinder is to grant severance or dismissal to the improper party if it will not prejudice any substantial right." *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972).

Courts have often dismissed parties where, as in this case, the only connection the moving parties have with the action is that they are affiliated with the parties accused of misconduct. Specifically, courts have found that dismissing a party from a lawsuit based on misjoinder is particularly appropriate where: (1) claims have been asserted against a parent and

3

its subsidiary or subsidiaries; but (2) one or more of the affiliated companies has no connection to the plaintiff's cause of action. *See Glendora,* 917 F. Supp. at 227; *Petroleum Data Servs. v. First City Bancorporation, Inc.,* 622 F. Supp. 1022, 1026 (D. Kan. 1985). For instance, in *Glendora,* the plaintiff brought a lawsuit against two affiliated companies, TCI and TCI-Westchester, challenging the relocation of a public access channel. *Glendora,* 917 F. Supp. at 227. TCI moved, under Rule 21, to be dropped from the case as a misjoined party. *Id.* In granting TCI's motion, the court observed that the plaintiff was challenging the decision to reallocate a public access channel and, "[t]herefore, in order for [TCI and the other moving parties] to be properly joined in this action, plaintiff must be asserting claims against them on the basis of their alleged involvement in making that decision." *Id.* After finding that there was no basis on which to conclude that TCI played a role in deciding to reallocate the public access channel, the court dropped TCI from the lawsuit. *Id.* at 227-28.

Similarly, in *Petroleum Data Services,* a parent whose subsidiary had entered into contracts with the plaintiff was named as a defendant in a breach of contract suit. 622 F. Supp. at 1026. The court granted the parent company's motion to be dismissed under Rule 21 because the parent was not a party to the contracts between its subsidiary and the plaintiff. *Id.*

### B.   The Moving Defendants Are Not Proper Defendants and Should Be Dismissed from the Lawsuit.

Under Rule 21 and the cases applying Rule 21, the moving defendants should be dismissed as improperly joined because the Complaint fails to allege that any of the moving defendants committed any of the alleged wrongdoing. The only allegations in the Complaint relating to the moving defendants are that they are direct or indirect subsidiaries of Alcan Inc. or Pechiney, S.A. (Compl. ¶¶ 8-13, 15.) All of Alcoa's allegations of wrongdoing refer generally to "Alcan," which is defined to include only two parties, Alcan Inc. and Pechiney, S.A., or to

4

"Pechiney," which is defined in the Complaint to include two corporations that were acquired by Alcan Inc., Pechiney, S.A. and Pechiney Rhenalu. (*See* Compl. ¶¶ 1-2.) Because Alcoa's Complaint fails to allege any involvement in the alleged wrongful conduct on the part of the moving defendants, these defendants should be dismissed as improper parties. *Glendora*, 917 F. Supp. at 227 n.3 ("Clearly, the court may rely on Rule 21 to delete parties that have no connection to the claims asserted."). Furthermore, because the moving parties are not alleged to have participated in the development, manufacture or marketing of the 2056 alloy, Alcoa cannot argue that "prejudice [to] any substantial right" will occur if the moving parties are dropped from the suit. *See Sablosky*, 457 F.2d at 1249.

## V. CONCLUSION

For all the reasons discussed above, this Court should grant the moving parties' Motion to be Dismissed From the Suit as Improperly Joined.

ASHBY & GEDDES

/s/ *Steven J. Balick*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Counsel for Defendants*

*Of Counsel:*

Steven R. Trybus
Donald R. Cassling
Shelley Smith
Patrick L. Patras
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611

Dated: August 15, 2006

172169.1

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2006, the attached **ALCAN CORP. (TEXAS), ALCAN CORP. (DELAWARE), ALCAN PECHINEY CORP., PECHINEY METALS, LLC AND ALCAN ROLLED PRODUCTS-RAVENSWOOD, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO BE DISMISSED FROM THE SUIT AS IMPROPERLY JOINED** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 | HAND DELIVERY |
| Evan R. Chesler, Esquire<br>Cravath, Swaine & Moore LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019 | VIA ELECTRONIC MAIL |
| William G. Todd, Esquire<br>Greenberg Traurig, LLP<br>200 Park Avenue<br>New York, NY 10166 | VIA ELECTRONIC MAIL |

/s/ Steven J. Balick
_____
Steven J. Balick

171219.1