IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCOA, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-383-SLR |
| | ) |
| ALCAN, INC., a Canadian corporation, ALCAN CORP., a Texas corporation, ALCAN CORP., a Delaware corporation, PECHINEY, S.A., a French corporation, ALCAN RHENALU, a French corporation, ALCAN PECHINEY CORP., a Texas corporation, PECHINEY METALS, LLC, a Delaware limited liability company, ALCAN ROLLED PRODUCTS-RAVENSWOOD,LLC, a Delaware limited liability company | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**EXHIBIT 14 TO APPENDIX TO DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS**

                                  ASHBY & GEDDES
                                  Steven J. Balick (I.D.#2114)
                                  John G. Day (I.D. #2403)
                                  Tiffany Geyer Lydon (I.D. #3950)
                                  222 Delaware Avenue, 17th Floor
                                  P.O. Box 1150
                                  Wilmington, DE  19899
                                  Tel:  302-654-1888
                                  Fax: 302-654-2067

                                  *Attorneys for Defendants*

*Of Counsel:*

Steven R. Trybus
Donald R. Cassling
Shelley Smith
Patrick L. Patras
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
Telephone: (312) 222-9350
Facsimile: (312) 840-7631

Date:  August 16, 2006

# Exhibit 14

SEP 9 1999

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PECHINEY RHENALU,           )
                            )
        Plaintiff,          )
                            )
    v.                      )  Civil Action No. 99-301-SLR
                            )
ALCOA, INC.,                )
                            )
        Defendant.          )

ORDER

At Wilmington this 8th day of September, 1999, having reviewed the documents submitted in connection with this discovery dispute (D.I. 57, 58, and 59), and having conferred with counsel (D.I. 62);

IT IS ORDERED that:

1. **Prior Art Alloys and Processes.** The '639 patent is directed to damage tolerant aluminum alloys useful for aircraft applications. More specifically, the '639 patent involves a copper-based alloy used for aircraft fuselages; the process described for making the alloy includes reheating operations which may produce, at some point in the process, a substantially or largely recrystallized product. ('639 patent, col. 6, lns.

47-75) Recrystallization, or the absence thereof, is not a featured element of the invention.

2. Plaintiff has requested documents relating to alloys mentioned in the '394 patent. The '394 patent is directed to a method of producing unrecrystallized thin gauge aluminum products by heat treating and further working. Of the alloys mentioned in the '394 patent, only the AA2000 alloys are cooper based. The phrase "damage tolerant" is nowhere mentioned in the '394 patent.

3. It is not apparent to the court that the '394 and '692 patents are related, except to the extent that both deal with aluminum alloys and (not surprisingly) with heating processes for the production of aluminum products having various properties.

4. Therefore, plaintiff's request for documents relating to the alloys mentioned in the '394 patent is denied on the record presented.

5. The court understands that defendant has produced or has offered to produce the prior art document referred to in the European Patent Office's preliminary opinion, as well as those alloys described in its September 1, 1999 letter at pages 2-3.

2

A 430

6. **Cut-off Date for 2524 Alloy Documents.** Plaintiff's request for documents relating to technical developments of the 2524 alloy after the CIP application date is denied as irrelevant, on the record presented. Plaintiff may approach the court for reconsideration of this request if defendant relies on its commercial embodiment to demonstrate either enablement or commercial success.

7. **Testing Documents.** On page 3 of its September 1, 1999 letter, defendant states that it will produce documents regarding the composition, properties, testing, and process of production of the 2XXX alloys on plaintiff's revised list. To the extent plaintiff's request is broader, and consistent with the court's holding above, plaintiff's request is denied on the record presented.

IT IS FURTHER ORDERED that defendant shall produce the documents identified above on or before **October 8, 1999**, in a manner related to plaintiff's document requests.

_____
United States District Judge

3

A 431

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2006, the attached **EXHIBIT 14 TO APPENDIX TO DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE  19899 | <u>HAND DELIVERY</u> |
| Evan R. Chesler, Esquire<br>Cravath, Swaine & Moore LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY  10019 | <u>VIA ELECTRONIC MAIL</u> |
| William G. Todd, Esquire<br>Greenberg Traurig, LLP<br>200 Park Avenue<br>New York, NY  10166 | <u>VIA ELECTRONIC MAIL</u> |

/s/ *Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

171219.1