IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCOA, INC.,<br><br>                            Plaintiff,<br><br>vs.<br><br>ALCAN, INC., a Canadian corporation, ALCAN CORP., a Texas corporation, ALCAN CORP., a Delaware corporation, PECHINEY, S.A., a French corporation, ALCAN RHENALU, a French corporation, ALCAN PECHINEY CORP., a Texas corporation, PECHINEY METALS, LLC, a Delaware corporation, ALCAN ROLLED PRODUCTS - RAVENSWOOD, LLC, a Delaware limited liability company,<br><br>                           Defendants. | C.A. No. 06-383-SLR |

### NOTICE OF SERVICE OF
### NOTICES OF DEPOSITION

**PLEASE TAKE NOTICE** that on October 6, 2006, true and correct copies of the Notices of Deposition of Timothy Warner, Ronan Dif, Bernard Bes, Herve Ribes, Eileen Burns Lerum and Roy Millington, and the Notice of Deposition(s) pursuant to Fed. R. Civ. P. 30(b)(6) of the person or persons designated by Defendants Alcan, Inc., Alcan Corp. (Texas), Alcan Corp. (Delaware), Pechiney, S.A., Alcan Rhenalu, Alcan Pechiney Corp., Pechiney Metals, LLC, and Alcan Rolled Products - Ravenswood, LLC (collectively, "Alcan") as most knowledgeable to testify regarding the subject matter set forth in Schedule A to Alcoa Inc.'s First Notice Of Deposition(s) Pursuant to Fed. R. Civ. P. 30(b)(6) (attached hereto as Exhibit A) were served upon the below-named counsel of record in the following manner:

RLF1-3069462-1

**Via Electronic Mail and**
**United States First Class Mail**
Steven J. Balick
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899

**Via Electronic Mail and**
**United States First Class Mail**
Steven R. Trybus
Shelly Smith
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611-7603

OF COUNSEL:

Evan Chesler
Daniel Slifkin
Stephen Frank
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

Dated: October 11, 2006

_____
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Plaintiff Alcoa, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2006, I hand delivered the foregoing Notice of Service to the following persons and electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

**HAND DELIVERY:**
Steven J. Balick
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899

I hereby certify that on October 11, 2006, I have sent by Federal Express the aforesaid Notice of Service to the following non-registered participants:

**FEDERAL EXPRESS:**
Steven R. Trybus
Shelly Smith
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611-7603

_____
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCOA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ALCAN, INC., a Canadian corporation, ALCAN CORP., a Texas corporation, ALCAN CORP., a Delaware corporation, PECHINEY, S.A., a French corporation, ALCAN RHENALU, a French corporation, ALCAN PECHINEY CORP., a Texas corporation, PECHINEY METALS, LLC, a Delaware corporation, ALCAN ROLLED PRODUCTS - RAVENSWOOD, LLC, a Delaware limited liability company, <br><br> Defendants. | C.A. No. 06-383-SLR |

## ALCOA INC.'S FIRST NOTICE OF DEPOSITION(S) PURSUANT TO FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Plaintiff Alcoa, Inc. will take the deposition(s) upon oral examination of the person or persons designated by Defendants Alcan, Inc., Alcan Corp. (Texas), Alcan Corp. (Delaware), Pechiney, S.A., Alcan Rhenalu, Alcan Pechiney Corp., Pechiney Metals, LLC, and Alcan Rolled Products - Ravenswood, LLC (collectively, "Alcan"), as most knowledgeable to testify regarding the subject matter set forth in the attached Schedule A.

The deposition(s) will commence on a date and time and at a place to be agreed upon by the parties. The deposition(s) will be taken before a Notary Public or other person authorized to administer oaths pursuant to Fed. R. Civ. P. 28(a), and shall continue day to day,

excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the deposition(s) will be recorded by videographic and stenographic means. The Defendants are requested to provide Alcoa, Inc. with the identity of each designated individual and the subject matter upon which each such individual is designated to testify no later than five (5) business days prior to the commencement of the deposition(s).

You are invited to attend and participate to the extent permitted by the Federal Rules of Civil Procedure.

OF COUNSEL:

Evan R. Chesler
Daniel Slifkin
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

William G. Todd
Scott J. Bornstein
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
(212) 801-9200

Dated: October 6, 2006

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Gregory E. Stuhlman (#4765)
Stuhlman@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

*Attorneys for Plaintiff Alcoa, Inc.*

2

## SCHEDULE A

Unless otherwise indicated, all terms used in this Schedule A shall be construed in accordance with the Definitions and Instructions in Plaintiff's First Set of Interrogatories and First Request for the Production of Documents Regarding Jurisdiction and Joinder.

1. The structure of Alcan from November, 2002 to the present, including the ownership, organizational, management and financial structure of each of the Defendants and among and between any of the Defendants.

2. The financing of Alcan Inc.'s acquisition of Pechiney, S.A.

3. The accounting, financial analysis and financial reporting practices of each of the Defendants.

4. The composition of the board of directors of each of the Defendants from November, 2002 to the present, including the meeting and reporting practices of those boards, the frequency of any board meetings, attendance at any board meetings and the maintenance of board meeting minutes.

5. The existence and nature of any loans, shared accounts, indemnification agreements, marketing or distribution contracts and debt guarantees among or between any of the Defendants.

6. The banking, capital raising and cash management practices of each of the Defendants.

7. The dividend payment practices of each of the Defendants from November, 2002 to the present.

8. The capitalization of each of the Defendants.

9. The sales and marketing practices of each of the Defendants, including with respect to any effort to market or sell 2056.

10. The patent ownership and prosecution practices of each of the Defendants.

11. The structure of the legal departments and the litigation management practices of each of the Defendants, including but not limited to the management of the litigation that resulted in the settlement agreement dated November 4, 2002, between Pechiney Rhenalu and Alcoa, Inc.

12. Any litigation in the United States in which Alcan, Inc. or Pechiney, S.A. have been held subject to general jurisdiction, or in which a court has held that either company is not subject to general jurisdiction.

13. The revenues derived by Alcan, Inc., Pechiney, S.A. and Alcan Rhenalu from sales in the United States, since 2002.

14. Sales or offers for sale of any product by Alcan, Inc., Pechiney, S.A. and Alcan Rhenalu in the United States, or to any customer located in the United States, since 2002.

15. The revenues derived by Alcan, Inc., Pechiney, S.A., Alcan Rhenalu, Alcan Corp. (Texas) and Alcan Pechiney Corp. from sales in the state of Delaware since 2002.

16. Sales or offers for sale of any product by Alcan, Inc., Pechiney, S.A., Alcan Rhenalu, Alcan Corp. (Texas) or Alcan Pechiney Corp. in the state of Delaware, or to any customer located in the state of Delaware, since 2002.

17. Agreements or contracts of any kind between Alcan, Inc., Pechiney, S.A., Alcan Rhenalu, Alcan Corp. (Texas) or Alcan Pechiney Corp. and any entity located in the state of Delaware.

RLF1-3068055-1

18. The shipment of any product by Alcan, Inc., Pechiney, S.A., Alcan Rhenalu, Alcan Corp. (Texas) or Alcan Pechiney Corp. to any entity located in the state of Delaware.

19. The ownership and control of any facilities where 2056 was developed or has been produced.

20. The employment or contractual relationship between any Alcan entity and any individual involved in the development, production, testing, marketing or sale of 2056.

21. Any sales or offers for sale of 2056.

22. Any technical papers or presentations concerning 2056.

23. The provision or shipment of any samples of 2056.

24. Meetings or communications regarding 2056 with representatives, employees or agents of the Boeing Co., the European Airbus consortium, Bombardier, Inc., Embraer, S.A., China's First Aircraft Institute, or with any customer or potential customer

25. Meetings or communications with any U.S. government agency or official concerning 2056 or the patent application US 2004/0086418 A1, dated May 6, 2004.

26. Any effort to register 2056 with any standards organization or trade association and any communications related thereto.

RLF1-3068055-1