**RICHARDS, LAYTON & FINGER**

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

December 28, 2006

**VIA HAND DELIVERY AND E-FILING**
The Honorable Sue L. Robinson
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re:  *Alcoa, Inc. v. Alcan, Inc., et al.*
C.A. No. 06-383-SLR

Dear Chief Judge Robinson:

On December 18, Defendant Alcan Rhenalu ("Alcan") submitted to the Court a recent opinion of the Federal Circuit together with a letter citing that opinion as "additional authority" for Alcan's motion to dismiss Count Two of Alcoa's Complaint. Mindful of the need not to burden the Court, we write only to respond to Alcan's contention, on the basis of DSU Medical Corp., et al. v. JMS Co., Ltd., et al., Case Nos. 04-1620, 05-1048, -1052 (Fed. Cir. Dec. 13, 2006) (slip op.), that "Alcoa has not alleged the requisite specific intent". That contention ignores two critical facts concerning DSU Medical and Alcoa's Complaint.

First, DSU Medical is not a case about pleading standards. Rather, it addresses the sufficiency of required proof at trial. See, e.g. id. at 15 ("To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they actively and knowingly aided and abetted another's direct infringement." (citation and alterations omitted)).

Second, the evidentiary standard identified in DSU Medical—that there be "specific intent and action to induce infringement", id.—is amply supported by Alcoa's pleading. Indeed, as that case notes, the requisite intent can be proved by circumstantial evidence. See id. at 17. Here, where Alcoa pleading is deemed to be true and all reasonable inferences therefrom must be drawn in Alcoa's favor, there are ample facts from which a trier of fact could conclude that such intent exists. See, e.g., Compl. ¶¶ 30, 31, 36, 38-47, 53.

RLF1-3098785-1

The Honorable Chief Judge Robinson
December 28, 2006
Page Two

       For those reasons, as well as for the reasons stated in Alcoa's Answering Brief in Opposition to Defendants' Motion to Dismiss, Alcoa respectfully requests that Alcan's motion to dismiss for failure to state a claim be denied.

                                       Respectfully,

                                       Frederick L. Cottrell, III

FLC,III/afg

cc:    Steven J. Balick, Esquire (via hand delivery)
        Steven R. Trybus, Esquire (via e-mail)
        Evan R. Chesler, Esquire (via e-mail)
        Daniel Slifkin, Esquire (via e-mail)
        Scott J. Bornstein, Esquire (via e-mail)

RLF1-3098785-1