# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

GREGORY E. STUHLMAN

DIRECT DIAL NUMBER
302-651-7578
STUHLMAN@RLF.COM

March 7, 2007

**VIA E-FILING**

The Honorable Sue L. Robinson
United States District Court
Federal Building
844 King Street
Wilmington, Delaware 19801

Re:   Alcoa, Inc. v. Alcan, Inc., et al.; C.A. No. 06-383-SLR

Dear Chief Judge Robinson:

Attached please find the parties' proposed Scheduling Order (the "Order") in the above referenced action. The Order has been revised to reflect Your Honor's rulings during the Rule 16 teleconference held yesterday, March 6, 2007 at 8:30 a.m. and is ready for Your Honor's signature.

Respectfully,

Gregory E. Stuhlman (#4765)

Attachment

cc:   John G. Day, Esquire (via E-Filing notification and hand delivery)
      Steve Trybus, Esquire (via e-mail)
      Daniel Slifkin, Esquire (via e-mail)

RLF1-3123633-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCOA INC., <br><br> Plaintiff, <br><br> vs. <br><br> ALCAN, INC., a Canadian corporation, ALCAN CORP., a Texas corporation, ALCAN CORP., a Delaware corporation, PECHINEY, S.A., a French corporation, ALCAN RHENALU, a French corporation, ALCAN PECHINEY CORP., a Texas corporation, PECHINEY METALS, LLC, a Delaware limited liability company, ALCAN ROLLED PRODUCTS - RAVENSWOOD, LLC, a Delaware limited liability company, <br><br> Defendants. | C.A. No. 06-383-SLR |

**ORDER**

At Wilmington this _____ day of _____ 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by April 10, 2007, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects: the claims contained in the Complaint and the facts and circumstances underlying them, including but not limited to the development, nature and status of the 2056 alloy and any marketing

or sales activities related to the alloy in the United States or elsewhere, and any counterclaims or defenses pled by Defendant.

  (b) All fact discovery shall be commenced in time to be completed by January 18, 2008.

    (1) Document production shall be completed on or before August 31, 2007.

    (2) Maximum of 25 interrogatories by each party to the other party.

    (3) In the absence of agreement between the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    (4) Maximum of 50 requests for admission by each party to the other party, not including requests directed solely to the authentication or admissibility of documents or the proper translation of foreign documents.

    (5) In the absence of agreement between the parties or by order of the Court, no deposition shall be scheduled prior to the completion of document production.

    (6) Maximum of 100 hours by each party for fact depositions, which shall not include time spent on translation of foreign languages. Each fact deposition conducted pursuant to the Federal Rules of Civil Procedure (except depositions pursuant to Rule 30(b)(6)) shall be limited to a maximum of 7 hours unless extended by agreement of the parties, or unless a translator is necessary. In the event that a translator is

necessary for a deposition conducted pursuant to the Federal Rules of Civil Procedure, the parties shall cooperate to set a reasonable time limit for such deposition. The deposition of any single 30(b)(6) witness shall be limited to a maximum of 7 hours per day.

        (7)    Expert discovery shall be commenced in time to be completed by May 15, 2008.

        (8)    Expert reports on issues for which the parties have the burden of proof due February 15, 2008. Rebuttal expert reports due March 28, 2008.

        (9)    Expert depositions to be limited to a maximum of 10 hours per expert (but a maximum of 7 hours per day) unless extended by agreement of the parties.

        (10)   All Daubert motions shall be filed on or before May 30, 2008.

        (c)    Willfulness has been asserted. See Complaint at 7, 12 (D.I. 1). Absent agreement among the parties, Defendant must inform Plaintiff as to whether it intends to rely on advice of counsel by December 14, 2007. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by Defendant to its counsel and whatever other materials related to the issues in dispute that Defendant had in its possession at the time the advice was sought.

        (d)    Supplementations under Rule 26(e) due on a good faith basis and within 30 days of a party learning its previous responses are incomplete or incorrect.

        (e)    **Discovery Disputes.**

        (1)    The Court shall conduct an in-person discovery status conference on August 14, 2007 at 4:30 p.m., with time to be allocated equally among the parties. **No**

**motions to compel or motions for protective order shall be filed absent approval of the Court.**

  (2) The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

  (3) Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

  (f) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other party a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

  3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before November 15, 2007.

  4. **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.   **Claim Construction Issue Identification.**  The Court has previously construed certain terms in certain claims of the '639 patent. See <u>Pechiney Rhenalu v. Alcoa Inc.</u>, No. Civ. A 99-301-SLR, 224 F. Supp. 2d 773 (D. Del. 2002). If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on January 18, 2008, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6.   **Summary Judgment Motions.**  This action is currently scheduled for a bench trial. If either party makes a timely and proper demand for a jury trial, all summary judgment motions shall be served and filed with an opening brief on or before May 22, 2008. Responses shall be served and filed on or before June 19, 2008. Replies shall be served and filed on or before July 3, 2008.

7.   **Claim Construction.**  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on February 8, 2008, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on May 16, 2008. Simultaneous response briefs should be filed by June 13, 2008. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s), if any.

8. **Applications by Motion.** Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. **The Court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the Court.

(g) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(h) No telephone calls shall be made to chambers.

(i) Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on August 26, 2008 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a five (5) day bench trial commencing on September 8, 2008 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties

should plan on being allocated a total number of hours in which to present their respective cases.

_____
Chief Judge